IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 23, 2010

**DEARICE CATES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 92576     Richard R. Baumgartner, Judge**

---

**No. E2010-00812-CCA-R3-PC Filed March 23, 2011**

---

The Petitioner, Dearice Cates, appeals as of right from the Knox County Criminal Court's denial of his petition for post-conviction relief. The Petitioner contends that he received the ineffective assistance of both trial and appellate counsel for failing to raise the statutorily mandated mitigating factor that he "voluntarily" released the victims of his especially aggravated kidnappings alive. See Tenn. Code Ann. § 39-13-305(b)(2). Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Dearice Cates.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Ta Kisha M. Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was convicted by a jury of three counts of especially aggravated kidnapping, one count of aggravated robbery, one count of attempted aggravated robbery, one count of assault, and one count of aggravated burglary and received an effective sentence of 24 years. State v. Dearice Cates, No. E2006-02553-CCA-R3-CD, 2008 WL 220264, at *1 (Tenn. Crim. App. Jan. 28, 2008), perm. app. denied (Tenn. Sept. 22, 2008). On the night of July 24, 2005, the Petitioner, along with a codefendant, entered the home of Tiffany Dailey and her two children while they were sleeping. Id. The Petitioner woke Ms. Dailey

by saying "B---h, get up" and pointing a gun at her face. Id. The Petitioner demanded money and ordered Ms. Dailey to walk through the house looking for money. Id. Ms. Dailey found both of her children in her bedroom where the codefendant was pointing a gun at her daughter's head. Id. The Petitioner "continued to demand money from Ms. Dailey, but he and the codefendant exited the room when they felt the vibration from a nearby train." Id. Ms. Dailey and her children fled to a neighbor's home where they called the police. Id. Ms. Dailey's son testified that he saw the Petitioner take eight dollars he had been given as a birthday present and that the Petitioner and codefendant "were frightened by the train noise and left the bedroom." Id. at *2.

Following the jury verdict, the trial court granted the Petitioner's motion for judgment of acquittal regarding the three especially aggravated kidnapping convictions. Cates, 2008 WL 220264 at *1. The trial court ruled that "the movement or confinement supporting each kidnapping conviction was essentially incidental to the commission of the robbery." Id. However, on appeal this court reinstated two of those convictions and affirmed the judgments of the trial court in all other respects. Id.

On August 26, 2009, the Petitioner filed a pro se petition for post-conviction relief. The post-conviction court appointed counsel and an amended petition was filed on February 12, 2010. A hearing was held on March 11, 2010, during which no proof was presented, only the arguments of counsel. During the hearing, Petitioner's counsel argued that trial counsel failed to raise the statutorily mandated mitigating factor that the Petitioner "voluntarily" released the victims of his especially aggravated kidnappings alive. Petitioner's counsel argued that this mitigating factor "should be given a substantial amount of weight at sentencing" and that the Petitioner was prejudiced by not having this factor raised at sentencing or on appeal. In response, the State argued that at the time of the sentencing the Petitioner had a significant criminal history, which was given great weight by the trial court. The State also asserted that the Petitioner never actually released the victims but that the Petitioner fled when he heard a train passing by the house.

The post-conviction court denied relief on this issue, concluding that consideration of the statutorily mandated mitigating factor would not have altered the sentence.[1] The post-conviction court noted that a significant amount of weight was given to the Petitioner's criminal record. The post-conviction court also stated that Ms. Dailey was "terrorized" by having a gun put in her face, as were her children. According to the post-conviction court, Ms. Dailey's son "was so frightened" that he "soiled himself." The post-conviction court

_____

[1]In both the original pro se petition and the amended petition, the Petitioner raised numerous issues. The post-conviction court denied relief on all the issues raised by the Petitioner. However, the Petitioner only challenges the post-conviction court's decision regarding the sentencing issue on appeal.

concluded that this was given great weight by the trial court as well. Additionally, the post-conviction court concluded that the Petitioner left because he was "frightened" by the train and not "out of some altruistic motive to help [the victims] out." Accordingly, the post-conviction court concluded that no prejudice resulted from trial and appellate counsel's failure to raise the issue.

## ANALYSIS

On appeal, both the arguments of the Petitioner and the State track those made at the post-conviction hearing. The Petitioner contends that the post-conviction court erred in denying his petition with regards to the issue of the statutorily mandated mitigating factor that he "voluntarily" released the victims of his especially aggravated kidnappings alive. The Petitioner argues that because this factor "is specific to the offense, it should be given particular weight in sentencing" and that this factor would have significant weight because he "released all victims both alive and mostly unharmed." The State responds that the Petitioner has failed to show that trial counsel was deficient and that he would have received a lesser sentence but for this alleged deficiency. The State further responds that the mitigating factor was not applicable to the Petitioner's case and even if it was applicable, raising it would not have altered his sentence in light of the Petitioner's criminal history and the facts of the offense.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I,

section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

Tennessee Code Annotated section 39-13-304(b)(2) provides that when a defendant convicted of aggravated kidnapping "has voluntarily release[d] the victim alive" then "such actions shall be considered by the court as a mitigating factor at the time of sentencing." This section reflects the legislature's "concern for the safety of the victim" and requires the sentencing court to consider "the voluntary safe release of the victim as a mitigating factor" Tenn. Code Ann. § 39-13-304(b)(2), Sentencing Comm'n Cmts. However, this mitigating factor will not be applied when "the record is devoid of proof to support [the] [d]efendant's claim that he released the victim 'voluntarily.'" State v. Taylor, 63 S.W.3d 400, 412 (Tenn. Crim. App. 2001).

In Taylor, a panel of this court concluded that section 39-13-304(b)(2) did not apply when the victim fled the house while the defendant was looking away. Id. at 404. This court concluded that "the victim's 'release' was due only to his successful escape." Id. at 412. We agree with the post-conviction court that the Petitioner and his codefendant did not "voluntarily release" the victims. Instead, much like the facts in Taylor, the victims fled to a neighbor's house after the Petitioner and his codefendant were startled by a train and left the room. Additionally, the post-conviction court concluded that even if section 39-13-304(b)(2) were applied to this case, its application would not have altered the sentence given the facts surrounding the offense, the Petitioner's criminal history, and the reason the Petitioner left the house. The Petitioner has not presented any evidence beyond the argument of counsel that he was prejudiced by trial and appellate counsel's failure to raise this issue. Accordingly, we conclude that the post-conviction court did not err in denying the petition for post-conviction relief.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE